## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| GRETRINA HARRIS, individually and as n/f/o Minor Children A***** W******** and E*** W********; and TRANESHA JONES, as n/f/o Minor Child M***** B****, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:22-cv-00187 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER

The parties' Agreed Motion for Protective Order is GRANTED. *See* Dkt. No. 11.

The Court ORDERS that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests.

1. "Confidential Information" refers to private, secret, or restricted information of any party that by its nature must be maintained in confidence to protect the interests of the party. Counsel for any party, or a *pro se* party, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where determined in good faith that such designation is necessary. The party making such designation must stamp the documents or information with indication of "CONFIDENTIAL."

2. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:

2

    a. Must hold and maintain such information or document solely for use in connection with this action; and

    b. Must not disclose the information or document to any other person.

3. The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation. The challenging party may seek resolution by the Court in the absence of agreement.

4. Information or documents designated as "confidential" must not be disclosed to any person, except:

    a. The requesting party and counsel, including in- house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts retained by either party to the extent deemed necessary by retaining counsel;

    d. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

    e. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(a), (b), (c), and (d), counsel must:

    a. Inform the person of the confidential nature of the information and documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents for any

      purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(c) and (d), counsel must also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement.

7. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential Information no later than fourteen days after the close of discovery. Upon such designation, all parties must treat such document or information as Confidential Information. No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

8. Any party seeking to file under seal any pleading, brief, or supporting material containing Confidential Information must obtain permission of the Court. The Court allows such filing only on showing of exceptional circumstances. Any party seeking to seal Confidential Information must:

    a. File a sealed motion explaining to the Court the justification for preventing public disclosure of the information;

    b. Attach the filing proposed for permanent seal on the docket;

    c. Attach a redacted version suitable to and proposed for filing on the public docket or explanation why redaction is not possible; and

    d.   Absent alternate permission, identify the filing with a title and designation of "SEALED" on the CM/ECF System (for example, "Motion for Summary Judgment (SEALED)," and not simply "SEALED DOCUMENT").

The Court promptly considers such motions and directs filings under seal or on the public docket as appropriate. Anticipate and seek resolution of such motion in advance of filing deadlines.

9. Within thirty days after entry of final judgment no longer subject to further appeal, each party must return all Confidential Information and any copies to the producing party or provide certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.

10. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

    a.   Further protect Confidential Information;

    b.   Seek protection regarding the production of documents or information;

    c.   Compel production of documents or information; or

    d.   Modify this Order.

11. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

12. Any party may enforce this Order by motion to the Court. Any violation may result in the imposition of sanctions.

It is SO ORDERED.

SIGNED on Galveston Island this _____ day of _____, 2022.

 

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE